1 SUE FAHAMI
Acting United States Attorney
2 District of Nevada
Nevada Bar No. 5634
3 CLAY A. PLUMMER
Nevada Bar No. 6778
4 Special Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
5 Las Vegas, Nevada 89101
Tel: (702) 388-6336
6 Fax: (702) 388-6418
clay.plummer@usdoj.gov
7 *Attorneys for the United States*

FILED
MAR 18 2025
US DISTRICT COURT
DISTRICT OF NEVADA

8 **UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
9

10 UNITED STATES OF AMERICA,　　　　　Case No.   2:25-mj-00236-NJK

11 　　　　Plaintiff,　　　　　　　　　　　　**CRIMINAL COMPLAINT**
　　　　　　　　　　　　　　　　　　　　　for violation of Deported Alien
12 　　v.　　　　　　　　　　　　　　　　　Found in the United States
　　　　　　　　　　　　　　　　　　　　　(8 U.S.C. § 1326(a) and (b))
13 URIEL LIRA-CABRERA,
　　aka "Moises Munoz-Rodriguez,"
14 　　aka "Hugo Padilla,"

15 　　　　Defendant.

16 　　　　BEFORE the Honorable Nancy J. Koppe, United States Magistrate Judge, Las

17 Vegas, Nevada, the undersigned Complainant, being duly sworn, deposes and states:

18 COUNT ONE
Deported Alien Found in the United States
19 (8 U.S.C. § 1326(a) and (b))

20 　　　　On or about On March 5, 2025, in the State and Federal District of Nevada,

21 URIEL LIRA-CABRERA,
aka "Moises Munoz-Rodriguez,"
22 aka "Hugo Padilla,"

23 defendant herein, an alien, was found in the United States after having been deported and

24 removed therefrom on or about February 7, 2007, September 11, 2013, November 15, 2016,

1   March 27, 2017, August 27, 2018, and November 27, 2021, having reentered and remained
2   in the United States, and not having obtained the express consent of the Attorney General
3   of the United States or the Secretary of Homeland Security to reapply for admission to the
4   United States, in violation of 8 U.S.C. § 1326(a) and (b).

## PROBABLE CAUSE

6       I, Raymond Thayer, state the following as and for probable cause.

7       1.    I have been employed with the United States Department of Homeland
8   Security ("DHS"), Immigration and Customs Enforcement ("ICE"), as an Immigration
9   Enforcement Agent and Deportation Officer ("DO") since February 2007. I am currently
10  assigned as a DO to the Las Vegas Office's Enforcement and Removal Operations
11  Criminal Prosecution's Section. In this capacity, I investigate and process a range of
12  immigration related offenses mainly focusing on obtaining federal prosecutions and
13  indictments for violent criminal aliens, such as violations of 8 U.S.C. §§ 1325 and 1326.

14      2.    This Affidavit is made in support of a criminal complaint against URIEL
15  LIRA-CABRERA ("Defendant"), also known as Moises Munoz-Rodriguez and Hugo
16  Padilla, for a violation of 8 U.S.C. § 1326(a) and (b), Deported Alien Found in the United
17  States. The information contained in this Affidavit is based on my own personal
18  investigation and information communicated to me by other law enforcement officers with
19  personal knowledge of facts relevant to this investigation. The Affidavit is intended only to
20  show that there is probable cause for the requested complaint and does not purport to set
21  forth all of my knowledge of, or investigation into, this matter.

22      3.    On February 27, 2025, ICE learned that Defendant may be residing in Las
23  Vegas, Nevada. Because ICE records indicated Defendant is a citizen and national of
24  Mexico, by virtue of birth, who was previously removed from the United States and because

records indicated Defendant was not in possession of valid immigration documents allowing him to be present or remain in the United States, ICE opened an investigation. On March 5, 2025, ICE Las Vegas Fugitive Operation Team deportation officers, while conducting surveillance, encountered, identified, and apprehended the Defendant in Las Vegas, Nevada.

4.      On or about March 10, 2025, I reviewed printouts from the Federal Bureau of Investigation ("FBI") relating to Defendant. Based on my training and experience, I know that the FBI databases contain records of arrests and convictions of individuals, based on an individual's FBI number. I also know that an FBI number is assigned based on unique fingerprint characteristics, and that police departments routinely fingerprint each person who is booked into custody for identification purposes and inclusion into criminal history databases.

5.      A query of Defendant's automated criminal history confirmed that he had been convicted of the following felony prior to his most recent removal, which subjects him to the heightened penalty provisions of 8 U.S.C. § 1326(b): on or about November 16, 2005, Defendant was convicted of Assault with Deadly Weapon by Means Likely to Produce Great Bodily Injury, in violation of California Penal Code 245(a)(1), in the Superior Court, Los Angeles County, California, Case No. FWV036065.

6.      On or about March 5, 2025, I obtained the DHS Administrative File ("A-File") for the subject assigned Alien Registration Number 099 494 432, whose name of record is "Uriel Lira-Cabrera" (hereinafter, the "Lira-Cabrera A-File"). Based on my training and experience, I know that a DHS A-File is a file maintained by DHS in which immigration records are maintained for an alien admitted to, or found in, the United States. I also know that a DHS A-File usually contains photographs, fingerprints, court records of

3

conviction, and all records relating to deportation or other actions by DHS – or its predecessor, the Immigration and Naturalization Service ("INS") – with respect to the subject alien for whom the DHS A-File is maintained. As discussed in more detail below, my review of the Lira-Cabrera A-File confirmed that this A-File corresponds with Defendant.

7. The Lira-Cabrera A-File contained the following documents and information, among other things, regarding Defendant's immigration status:

a. Executed Warrants of Removal / Deportation (ICE Forms I-205) indicating that Defendant was officially removed and deported from the United States to Mexico on or about February 7, 2007, September 11, 2013, November 15, 2016, March 27, 2017, August 27, 2018, and November 27, 2021. I know from my training and experience that a Warrant of Removal / Deportation (ICE Form I-205) is executed each time a subject alien is removed from the United States by ICE (and in the past by its predecessor agency, the INS) and usually contains the subject's photograph, signature, and / or fingerprints. The executed Warrants of Removal / Deportation (ICE Forms I-205) referenced above that I found in the Lira-Cabrera A-File contains Defendant's photograph, signature, and fingerprints.

b. A Record of Deportable / Inadmissible Alien (Forms I-213) dated March 5, 2025, stating that Defendant is a native and citizen of Mexico.

c. Record of sworn statement dated August 27, 2018, where the Defendant admits he is a native and citizen of Mexico.

d. Defendant's Mexican Passport, and Birth Certificate.

8. On or about March 10, 2025, I reviewed certain printouts of ICE computer indices contained in the Lira-Cabrera A-File. Based on my training and experience, I know

4

that ICE computer indices track and document each time an alien has been deported from the United States by ICE (or previously by the INS) or was granted permission to enter or re-enter the United States. The ICE computer indices confirmed that Defendant had been removed and deported on or about the dates indicated on the Warrants of Removal / Deportation (ICE Forms I-205) found in the Lira-Cabrera A-File.

9. Based on my review of the Lira-Cabrera A-File, I determined that it does not contain any record of him ever having received permission from the Attorney General or his designated successor, the Secretary of Homeland Security, to legally re-enter the United States. Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation and that, if such documentation existed, it would ordinarily be found in the Lira-Cabrera A-File.

10. Based on my training, experience, and review of the contents of the Lira-Cabrera A-File, in particular the Warrants of Removal / Deportation, which indicate that Defendant had been deported to Mexico, I determined that Defendant is an alien – that is, a citizen of Mexico.

11. Based on the above, I believe there is probable cause that URIEL LIRA-CABRERA did violate 8 U.S.C. § 1326(a) and (b) (Deported Alien Found in United States).

_____
Raymond Thayer, Deportation Officer
Immigration and Customs Enforcement

Sworn and subscribed before me on this 18th day of March 2025.

_____
HON. NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

5